**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TORRANCE FLEMINGS, ID # 1369010,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:10-CV-1188-N-BH** |
| | ) | |
| **CITY OF DALLAS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | **Referred for Pretrial Management** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3-251, this case has been referred for pretrial management.

## I. BACKGROUND

On or about June 15, 2010, Plaintiff filed this action against the City of Dallas, Dallas County, Dallas County Independent School District ("DISD"), Dallas County Community College District, Parkland Hospital District, and Dallas County School Equalization Fund ("the tax entities")[1] and the 134th Judicial District Court ("134th District Court") for depriving him of his 50% share of the estate of Nelwyn Flemings ("the estate"). (Compl. at 1-2; Attach. at 3-4.[2])

Ms. Flemings died in July 2005, and her will named Plaintiff heir to half of her estate, located entirely in the City of Dallas, Dallas County, Texas. (Compl. at 3; Attach. at 4.) Later that year, he was incarcerated in the Texas prison system. (Attach. at 4; Magistrate Judge's

---

[1] These defendants are political subdivisions that collect delinquent taxes through the county or city tax collector. *See Williams v. Cnty. of Dallas*, 194 S.W.3d 29, 31 (Tex. App. – Dallas 2006, pet. denied); *Maximum Med. Imp., Inc. v. Cnty. of Dallas*, 272 S.W.3d 832, 834 & n.1 (Tex. App. – Dallas 2008, no pet.) (addressing same group of taxing entities except the school district).

[2] The attachment is the standard form § 1983 complaint attached to Plaintiff's eight-page, handwritten complaint.

Questionnaire ("MJQ"), Ans. 1.[3])  Because the will did not go through probate, he had no opportunity to contest it.  (Compl. at 4; MJQ, Ans. 3.)

While Plaintiff was in prison in October 2006, the City of Dallas, Dallas County, DISD, and the Dallas County Junior College filed a real estate tax petition against him, the decedent, and others in the 134th District Court.  *See Dallas Cnty. v. Sowells*, No. TX-06-31224 (134th Dist. Ct., Dallas Cnty., Tex. filed Oct. 20, 2006) (docket information found at http://courts.dallascounty.org/Case Detail.aspx?CaseID=3177610 (last visited Aug. 3, 2010)).[4]  In February 2008, a second amended petition was filed, and it was served on Plaintiff on March 7, 2008.  *Id.*  On March 20, 2008, Plaintiff sent an "Affidavit of Truth" to the 134th District Court denying receipt of notice of any liens or debts or even that he was an heir until the second amended petition.  (*See* Compl. at 4; Attachment at 4; MJQ, Ans. 1; Aff. Truth, attached to doc. 2.)  After a bench trial, the court entered judgment on May 28, 2008, and issued an order of sale on August 5, 2008.  *Id.*  On the first Tuesday in November 2008, estate property was sold and the debt owed was paid, but Plaintiff did not receive his half of the remaining funds.  (Compl. at 3-4; Attachment at 4; MJQ, Ans. 1.)

Plaintiff filed this suit under 42 U.S.C. § 1983 and state law alleging fraud, conspiracy, and deprivation of property rights.  (Compl. at 1-2; Attachment at 3.)  More specifically, he claims that the six tax entities violated the Fourth, Fifth, and Fourteenth Amendments by conspiring to deprive him of his share of the estate property, deny him his right to contest the will or codicil, and withhold copies of the will or codicil, the deed, and all accounts left to maintain the estate property.  (MJQ, Ans. 1, 3.)  He claims that the 134th District Court aided the other defendants in committing an illeg-

---

[3]  Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[4]  A copy of this public record is appended to this recommendation.

al act by not stopping the legal proceedings. (*Id.*) Plaintiff also alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p,[5] and various criminal provisions set out in Title 18 of the United States Code, including the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961 through 1968.[6] (*See* Compl. at 4-6.) He seeks a declaration that defendants have violated his constitutional rights and an injunction to order them to send the will to probate and to bring criminal charges against "those in charge of the will", those who forged his and the decedent's signatures, those who have withdrawn money from her accounts, and those who have spent or profited from his 50% of the estate after deductions for debts owed. (*Id.* at 5.) He also seeks compensatory and punitive damages. (*Id.* at 6.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Because Plaintiff, a prisoner in the Texas prison system, has been permitted to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible

---

[5] The FDCPA was amended by Pub. L. 111-203 in July 2010. The amendments are immaterial to this case.

[6] Plaintiff only cites to the definition section, § 1961, (*see* Compl. at 5), but the act encompasses sections 1961 through 1968.

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *accord Iqbal*, 129 S. Ct. at 1949 (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950-51.

### III. CRIMINAL CLAIMS

Plaintiff claims that he has been victimized by acts of the defendants that violate criminal provisions such as 18 U.S.C. §§ 241 (conspiracy), 242 (deprivation of right), 872 (extortion), 1001 (fraud, false entries or statements), and 1002 (fraud on documents). (*See* Compl. at 5.) Because criminal provisions "provide no civil remedies", they are appropriately disregarded as a basis for a civil action. *See Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir.1960). To the extent Plaintiff's claims are premised on criminal provisions, they are legally frivolous.

Plaintiff also has no legal basis to pursue criminal charges through this civil action because

private parties may not enforce criminal statutes, *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007), and there is no constitutional right to have someone criminally prosecuted, *see Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Private citizens simply lack standing to use this civil forum to criminally prosecute anyone. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Plaintiff may not seek redress for alleged unlawful conduct by pursuing criminal charges through this civil action.

### IV. RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT

Plaintiff also claims that he has been victimized under RICO. (*See* Compl. at 5.) Because § 1964 of the act provides civil remedies for violations of § 1962, the Court liberally construes Plaintiff's complaint as alleging violations of § 1962.

A person may violate § 1962 by (a) receiving income from a pattern of racketeering activity and investing that income in an enterprise; (b) acquiring or maintaining an interest in an enterprise through a pattern of racketeering activity; (c) conducting the affairs of the enterprise through a pattern of racketeering activity; and (d) conspiring to violate subsections (a), (b), or (c). *See Abraham v. Singh*, 480 F.3d 351, 354-55 (5th Cir. 2007); *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995). In short, each subsection requires: "(1) a *person* who engages in (2) a *pattern of racketeering activity* (3) connected to the acquisition, establishment, conduct, or control of an *enterprise*." *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988) (emphasis in original). To state a claim under any subsection, "a plaintiff must plead specific facts . . . which establish the existence of an enterprise." *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989); *accord State Farm Mut. Auto. Ins. Co. v. Giventer*, 212 F. Supp. 2d 639, 649-50 (N.D. Tex. 2002).

Here, Plaintiff has not pled facts that show or create a reasonable inference of a pattern of

racketeering activity or the existence of any enterprise. He has only alleged a single instance of a conspiracy to deprive him of his share of estate property. Because Plaintiff alleges no pattern of activity or the acquisition, establishment, conduct, or control of any enterprise as required under RICO, he has failed to state a RICO claim upon which relief may be granted.

## V. FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff also alleges that defendants violated the FDCPA when they illegally took and sold estate property to satisfy a debt. (Compl. at 6.)

No defendant appears to qualify as a debt collector within the meaning of the FDCPA. *See* 15 U.S.C. § 1692a(6)(C) (defining "debt collector as a "person" and specifically excluding "any officer or employee of . . . any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties") and (8) (defining "State" to include "any political subdivision"). Unless a defendant qualifies as a debt collector, Plaintiff has stated no claim upon which relief can be granted under the FDCPA.

Plaintiff's FDCPA claims also appear untimely because the one-year limitations period of the FDCPA, 15 U.S.C. § 1692k(d),[7] began to run at the latest when Plaintiff was served in March 2008 in the state court proceeding. *See Johnson v. Riddle*, 305 F.3d 1107, 1113-14 (10th Cir. 2002); *Ross v. N. MS Health Servs., Inc.*, No. 1:02-CV-390, 2006 WL 218173, at *2 (N.D. Miss. Jan. 27, 2006). Plaintiff did not file this action until June 2010. A timely filing appears to be a jurisdictional prerequisite under the statute. *See Johnson v. U.S. Army,* No. 3:08-CV-1810-L-BH, 2008 WL

---

[7] Section 1692k(d) states:
(d) Jurisdiction
An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

5205881, at *3 n.2 (N.D. Tex. Oct. 24, 2008) (recommendation of Mag. J. noting appearance but not definitively deciding the matter), *accepted by* unpub. order (N.D. Tex. Nov. 18, 2008). Even if the Court assumes that the limitations period is non-jurisdictional and is therefore subject to equitable tolling, *see Deaville v. Capital One Bank*, 425 F. Supp. 2d 744, 751-52 (W.D. La. 2006) (assuming without deciding applicability of equitable tolling principles), Plaintiff has presented no reason to equitably toll the limitations period. He has not shown that the exercise of due diligence in pursuing his FDCPA claims. Even assuming any defendant qualifies as a debt collector under § 1692a(6), Plaintiff's claims under the FDCPA are barred by limitations and should be dismissed.

## VI.  SECTION 1983

Plaintiff also seeks relief under 42 U.S.C. § 1983. That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Plaintiff asserts broad, interrelated claims of conspiracy, fraud, and deprivation of property in violation of his Fourth, Fifth, and Fourteenth Amendment rights to (1) papers and property, (2) procedural due process, and (3) equal protection. (*See* MJQ, Ans. 1-3.) Section 1983 provides no cause of action for fraud or conspiracy to deny a person his constitutional rights; rather, there must be an actual constitutional deprivation before an action arises under the statute. *See Hanna v. Home*

*Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) (addressing alleged conspiracy to deny due process); *Gibson v. Houston Launch Pad*, No. 09-20689, 2010 WL 1923364, at *1-2 (5th Cir. May 12, 2010) (recognizing that fraud arises under state law instead of § 1983). Unless Plaintiff adequately alleges an actual constitutional violation, he has no viable claim under § 1983.

## A. **Due Process**

Plaintiff alleges that the defendants violated his rights to procedural due process. (*See* MJQ, Ans. 3.)

Procedural due process requires notice and a meaningful opportunity to be heard. *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). It must reasonably convey all required information and permit a reasonable amount of time for response. *Id.*

### 1. *Authorized Deprivation*

Plaintiff primarily complains about a deprivation of property that occurred through state legal proceedings to collect taxes. (Compl. at 3-4; MJQ, Ans. 3.) He received notice of the litigation in early March 2008, and he filed his affidavit of truth. (*See* Compl. at 4; MJQ, Ans. 1.) The court issued its ruling in late May 2008, and Plaintiff received advance notice of the sale of estate property scheduled for November 2008. (*See* Compl. at 4; MJQ, Ans. 1.) While he claims that twenty days was not enough time to respond to the litigation notice because he was incarcerated, the response time was not unreasonable, and Plaintiff could have asked for an extension of time to respond. Because Plaintiff's complaint concedes that he was given notice of the action and a reasonable

opportunity to present objections, he fails to state a claim for the authorized deprivation of property by defendants upon which relief can be granted.

### 2. *Unauthorized Deprivation*

Plaintiff also complains of unauthorized deprivation of property by the defendants. (*See* Compl. at 4 (claiming that defendants kept proceeds from the sale that exceeded the amount owed to them); Attachment at 4 (same); MJQ, Ans. 3 (claiming that defendants kept certain papers from him).) That type of deprivation, even if intentional as alleged by Plaintiff, does not violate due process if adequate state post-deprivation remedies are available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995). Texas law provides adequate state post-deprivation remedies. *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). Based on the available state post-deprivation remedies, Plaintiff's claim based on unauthorized, intentional deprivation of his property is legally frivolous.

## B. Taking Property Without Just Compensation

Plaintiff alleges that the defendants took property without compensating him. (MJQ, Ans. 3.)

"The Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth, provides that private property shall not be taken for public use, without just compensation." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005) (internal quotation marks and citations omitted).[8] A claim under this clause is not ripe until the plaintiff has obtained a final decision regarding the alleged taking and utilized state procedures for obtaining just compensation. *See Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186 (1985). Plaintiff

---

[8] For purposes of this recommendation, the Court assumes without deciding that the property was taken for public use when it was taken and sold to pay owed taxes.

has not met his burden to show that he has utilized any state procedures for obtaining compensation or that state procedures are unavailable or inadequate. *See Severance v. Patterson*, 566 F.3d 490, 496-98 (5th Cir. 2009). Consequently, Plaintiff's claim under the Takings Clause of the Fifth Amendment is not ripe. *See id.*

## C. **Fourth Amendment Seizure**

Plaintiff also claims that defendants violated the Fourth Amendment when they seized estate property and then deprived him of his interest in that property when it was sold in November 2008. (MJQ, Ans. 3.)

The Fourth Amendment, made applicable to the states through the Fourteenth Amendment, provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV; *Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 61 (1992). A "seizure" of property within the meaning of the Fourth Amendment occurs when "there is some meaningful interference with an individual's possessory interests in that property." *Soldal*, 506 U.S. at 61 (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)).

To the extent that Plaintiff had a legal interest in the estate property that was sold, he has adequately alleged a seizure within the meaning of the Fourth Amendment.[9] However, the Fourth Amendment only prohibits unreasonable seizures. *See Severance v. Patterson*, 566 F.3d 490, 502 (5th Cir. 2009). In general, one may not challenge deprivations of property as unreasonable when the deprivation occurs according to a specific regulated process. *Id.* Here, it is uncontested that the

---

[9] A Fourth Amendment seizure claim is ripe if (1) the issues are purely legal; (2) the issues are based on final agency action; (3) the controversy has a direct and immediate impact on the plaintiff; and (4) the litigation will expedite, rather than impede or delay, effective agency enforcement. *Severance v. Patterson*, 566 F.3d 490, 500 (5th Cir. 2009). Nothing before the Court suggests that the Fourth Amendment claim is not ripe.

estate property was sold through court proceedings to pay taxes owed. Plaintiff has alleged no facts

to show that the seizure was unreasonable, and he has therefore failed to state a Fourth Amendment

seizure claim upon which relief can be granted.

## D. Equal Protection

Plaintiff asserts that defendants have violated his right to equal protection. (MJQ, Ans. 3.)

To maintain an equal protection claim, a plaintiff "must allege and prove that he received treatment

different from that received by similarly situated individuals and that the unequal treatment stemmed

from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). Plaintiff does

not allege that he has received unequal treatment which stems from any discriminatory intent.

"Plaintiffs who assert claims under 42 U.S.C. § 1983 and other civil rights statutes . . . must plead

the operative facts upon which their claim is based. Mere conclusory allegations are insufficient."

*Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987). Because Plaintiff fails to allege discrim-

inatory intent, the Court should dismiss his equal protection claim as conclusory.

## VII. STATE LAW CLAIMS

Plaintiff contends that the Court can exercise jurisdiction over his state claims under 28

U.S.C. § 1367. (Compl. at 1.) That statute permits federal courts to exercise supplemental juris-

diction over pendent state claims. Whether to exercise such jurisdiction after dismissing the under-

lying federal claims is a matter left to the sound discretion of the Court. *See United Mine Workers

v. Gibbs*, 383 U.S. 715, 726 (1966); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th

Cir. 2000). When the Court dismisses the federal claims at a preliminary stage of litigation, judicial

economy argues against the exercise of pendent or supplemental jurisdiction over state claims. *See

LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986). The Court

should therefore dismiss Plaintiff's state claims without prejudice to Plaintiff pursuing them in state court.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

## VIII.  RECOMMENDATION

Plaintiff's federal claims should be summarily **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b), and the Court should decline to exercise supplemental jurisdiction over any state claim.

**SIGNED this 21st day of August, 2010.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE